UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| JOHN FLOWERS, <br>             Plaintiff, <br> v. <br> ELI LILLY AND COMPANY, <br>             Defendant. | 3:14-cv-0094-LRH-VPC <br><br> ORDER |

      Before the Court is Defendant Eli Lilly's ("Eli Lilly") Motion for Partial Dismissal for failure to state a claim upon which relief can be granted. Doc. #18.[1] Plaintiff John Flowers ("Flowers") filed an Opposition (Doc. #20), to which Eli Lilly replied (Doc. #24). Flowers has filed a Motion to Introduce Evidence (Doc. #32) and a Motion for Opposition to Defendant's Partial Dismissal (Doc. #33). Eli Lilly filed a Motion to Strike each of these pleadings on the grounds that they are not recognized by the Federal Rules of Civil Procedure. Doc. #36.

**I.    Facts and Procedural Background**

      Flowers is a *pro se* plaintiff who is currently in custody with the Nevada Department of Corrections ("NDOC"). Doc. #1 ¶2. Flowers has been prescribed Zyprexa since the beginning of his incarceration in 1997, and alleges that the drug led to the onset of type II diabetes. *Id.* ¶¶2, 10. Flowers was diagnosed with diabetes in November of 2012 and requested at that time that he be taken off Zyprexa. *Id.* ¶10. The request was denied, and Flowers says he was forced to continue taking Zyprexa. *Id.* Zyprexa is a antipsychotic drug manufactured by Eli Lilly that has been approved by the Food and Drug Administration ("FDA") for treatment of schizophrenia and

---

[1] Refers to the Court's docket number.

1  bipolar disorder. Doc. #18 at 2. Flowers alleges that he is being prescribed three times the
2  suggested daily dose of Zyprexa due to the severity of his illness. Doc. #1 ¶6. Flowers alleges
3  further that Dr. Jakob Camp ("Dr. Camp") contacted Eli Lilly in 2002 to inquire whether it was
4  safe to prescribe Flowers three times the suggested dose. *Id.* Representatives of Eli Lilly stated
5  that it was safe for Flowers to take such a large daily dose, and never suggested that Dr. Camp
6  monitor weight, blood sugar, or other vitals that would have indicated the onset of diabetes. *Id.*
7  ¶¶6-7.
8       Flowers states that the onset of his diabetes has put him at a high risk of heart attack and
9  stroke, which will lead to significant future medical expenses. *Id.* at 9. Flowers also states that
10 his life expectancy has been "cut short" by complications related to his diabetes. *Id.* ¶12. In
11 addition to future medical costs and potential reduction in life span, Flowers states that his
12 diabetes could impair his job performance after release from incarceration, and potentially make
13 it difficult to obtain employment at all. *Id.* at 9. Flowers also alleges that Zyprexa has left him
14 "legally incompetent" because when prescribed at high doses, it can leave patients unable to
15 "clearly articulate their claims." *Id.* ¶16.
16       Flowers alleges that he contracted type II diabetes as a result of his forced use of Zyprexa,
17 which Eli Lilly negligently manufactured despite knowledge of the side effects, including
18 extreme weight gain and the onset of diabetes. *Id.* at 7-8. Flowers alleges that Eli Lilly had a
19 duty to warn patients taking Zyprexa of its known health risks and that Eli Lilly's failure to warn
20 was the proximate cause of his diabetes. *Id.* at 8. Flowers raises a number of additional claims,
21 including (1) a RICO claim "predicated on mail fraud, [and] conspiracy to violate 'RICO'"; (2)
22 violation of state consumer protection laws; (3) common law fraud; and (4) unjust enrichment.
23 *Id.* In support of the unjust enrichment claim, Flowers states that he has spent $600 per month on
24 Zyprexa, for a total of $132,600 at the time of the complaint. *Id.*
25       Flowers filed his complaint against Eli Lilly on January 30, 2014. Flowers filed another
26 complaint under 42 U.S.C. § 1983 against the Northern Nevada Correctional Center ("NNCC")
27 on September 29, 2014. *Flowers v. Baca*, No. 14-cv-0366-RCJ-WGC. At the time of this Order,
28 the complaint against NNCC is still being screened.

## II. Legal Standard

Eli Lilly seeks dismissal for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In reviewing a motion to dismiss, the Court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 681) (brackets in original) (internal quotation marks omitted). The Court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 556 U.S. at 681). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

Moreover, allegations of fraud must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *See Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). An allegation of fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Averments of fraud must "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Edwards v.*

1  *Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) (quoting *Alan Neuman Prods., Inc. v.*
2  *Albright*, 862 F.2d 1388, 1392 (9th Cir. 1989)).
3        A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards
4  than formal pleadings drafted by lawyers."[2]  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting
5  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Thus, a *pro se* plaintiff's complaint "can be
6  dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove
7  no set of facts in support of his claim which would entitle him to relief.'" *Estelle*, 429 U.S. at 106
8  (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  "Dismissal of a pro se complaint
9  without leave to amend is proper only if it is absolutely clear that the deficiencies of the
10 complaint could not be cured by amendment.  *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir.
11 2011) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

**III.  Discussion**

      At issue are Eli Lilly's Motion to Dismiss for failure to state a claim upon which relief can be granted (Doc. #18), and Motion to Strike Flowers' Motion to Introduce Evidence and Motion in Opposition to Defendant's Partial Dismissal (Doc. #36).

      **A.  Motion for Partial Dismissal**

      Flowers' complaint states causes of action against Eli Lilly for negligent standard to warn, products liability, common law fraud, civil RICO, and unjust enrichment.  *See* Doc. #1.  In its Motion for Partial Dismissal, Eli Lilly argued that the products liability, common law fraud, civil RICO, and unjust enrichment claims should be dismissed "on the grounds that Plaintiff has not alleged a single fact setting forth a plausible claim for relief under any of these causes of action" as required by Federal Rules of Civil Procedure 12(b)(6) and 9(b).[3]  Doc. #18 at 1.

---

[2] Flowers has stressed the difficulty of proceeding *pro se* in this matter.  Flowers states that he does not have access to the prison law library and is being assisted by "'jailhouse' lawyers who are not trained in civil law."  Doc. #20 at 1-2.  Flowers also notes that he is only permitted to review his medical records under staff supervision.  *Id.* at 2.  Plaintiff filed a Motion to Appoint Counsel (Doc. #17; Doc. #22) but the Motion was denied (Doc. #39).

[3] Flowers' "negligent failure to warn claim is not subject to this motion to dismiss based on pleading deficiencies."  Doc. #18 at 4.

### 1.   **Common Law Fraud Claim**

Eli Lilly requests that the Court dismiss Flowers' common law fraud claim because the complaint "fails to allege a single fact describing any fraud." *Id*. at 4.  Under Nevada law, the elements of fraud are:

> (1) a false representation made by the defendant; (2) defendant's knowledge or belief the representation was false (or insufficient basis for making the representation); (3) defendant's intention to induce the plaintiff to act or refrain from acting in reliance on the representation; (4) plaintiff's justifiable reliance upon the misrepresentation; and (5) damage to the plaintiff resulting from such reliance.

*Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1155 (9th Cir. 2005) (citing *Bulbman, Inc. v. Nev. Bell*, 108 Nev. 105 (1992)).  "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done nothing wrong." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010) (quoting *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)).

Flowers' Opposition states that Eli Lilly "did 'misrepresent' their claims the drug Zyprexa was safe." Doc. #20 at 3.  Flowers also alleges that, despite representing to Dr. Camp that it was safe to prescribe sixty milligrams per day, Eli Lilly never contacted Dr. Camp to warn of the dangers of such a dose once they became clear.  *Id.*  Eli Lilly is correct that despite these references to misrepresentations made by Eli Lilly, Flowers has not pleaded enough facts to support this claim under the heightened pleading standard for alleging fraud.  *See* Fed. R. Civ. P. 9(b).  Although Flowers did allege that a misrepresentation occurred, he failed to "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Edwards*, 356 F.3d at 1066.  This deficiency is fatal to Flowers' common law fraud claim even under the "less stringent" pleading standard applied to *pro se* litigants.  *See Erickson*, 551 U.S. at 94; *Turner v. McMurtry*, No. 00-55577, 2000 WL 1881519, at *1 (9th Cir. Dec. 15, 2000) (affirming dismissal of a *pro se* litigant's fraud claim because the litigant "failed to allege specific facts supporting the elements" of the claim).  Accordingly, the Court grants Eli Lilly's Motion as to Flowers' common law fraud claim.

### 2. Violation of the RICO Statute

Eli Lilly also argues that Flowers failed to state a claim that Eli Lilly violated the RICO statute because Flowers failed "to provide any specifics of any misconduct, failing even to identify the parties involved, the nature of the supposed mail fraud, or the RICO enterprise." Doc. #18 at 5. "To state a cause of action under RICO, a plaintiff must allege that the defendants, through the conduct of a business enterprise, engaged in racketeering activity that caused injury to the plaintiff's business or property." *Snowdon v. Preferred RV Resort Owners Ass'n*, No. 2:09-cv-1984, 2010 WL 2681698, at *2 (D. Nev. July 1, 2010) (citing *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005)). The Rule 9(b) heightened pleading standard also applies to allegations of violation of the RICO statute, so the plaintiff "must state the time, place, and specific content" of the facts supporting the RICO claim. *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007) (internal citation omitted).

In the complaint, Flowers alleges "a civil 'RICO' claim predicated on mail fraud, [and] conspiracy to violate 'RICO.'" Doc. #1 at 8. Flowers refers to a *New York Times* article as evidence that Eli Lilly "could be responsible for criminal works and liable because of criminal deceit with their testing results provided to the F.D.A." Doc. #20 at 4. Flowers pleaded no other facts related to his RICO claim, and failed to identify the time, location, or parties involved in alleged RICO activity, as required under the heightened pleading standard. *See Clingman v. Somy*, No. 2:10-cv-1834, 2011 WL 383951, at *4 (D. Nev. Feb. 3, 2011) (dismissing a *pro se* litigant's RICO claim because the litigant failed "to show with any specificity that the defendants engaged in any racketeering"). Accordingly, the Court grant's Eli Lilly's Motion as to Flowers' RICO claim.

### 3. Consumer Protection Claim

Flowers' complaint alleges "violation of state consumer protection laws" without identifying a specific law. Doc. #1 at 8. Eli Lilly assumes that Flowers is alleging a consumer fraud claim under Nevada Revised Statute § 41.600. Doc. #18 at 6. To establish a claim under section 41.600, the plaintiff must meet the particularity requirements set forth in Rule 9(b), meaning that the complaint must state the "time, place, and specific content of the false

1  representations as well as the identities of the parties to the misrepresentation." *Kervin v. GC*
2  *Servs., Ltd. P'ship*, No. 2:13-cv-1461, 2014 WL 584966, at *2 (D. Nev. Feb. 12, 2014) (quoting
3  *Sanford*, 625 F.3d at 558).  Eli Lilly argues that Flowers' "failure to allege a single fact
4  supporting a charge of deceptive conduct falls far short of the particularity requirements of Rule
5  9(b)." *Id.*
6  　　　　Although Flowers has alleged a number of facts to support his consumer protection claim,
7  these claims are not sufficiently specific to state a claim.  Flowers alleges that despite knowledge
8  of Zyprexa's potential health hazards, Eli Lilly "did 'misrepresent' their claims the drug Zyprexa
9  was safe." Doc. #20 at 3.  Additionally, Flowers states that although Eli Lilly represented to Dr.
10 Camp in 2002 that it was safe for Flowers to take three times the suggested maximum dose of
11 Zyprexa, Eli Lilly "never contacted Dr. Camp to warn of dangers of their treating knowledge."
12 *Id.*; Doc. #1 ¶6.  Flowers also argues that the decision to market Zyprexa for schizophrenia "is
13 just a calculated predatory business tactic to generate a positive cash flow." Doc. #1 ¶9.  Despite
14 these alleged facts, Flowers has failed to state enough specifics to state a claim under Rule
15 12(b)(6).  *See Twombly*, 550 U.S. at 555 (holding that a pleading that offers "labels and
16 conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient).
17 Accordingly, the Court grant's Eli Lilly's Motion as to Flowers' consumer protection claim.

18 　　　　　　　　　　　**4.     Unjust Enrichment Claim**

19 　　　　In Nevada, to state an unjust enrichment claim, "a plaintiff must allege that a defendant
20 has and retains a benefit which in equity and good conscience belongs to the plaintiff."
21 *Hernandez v. Hillsboro Enters., Inc.*, No. 2:12-cv-0575, 2013 WL 5427996, at *8 (D. Nev. Sept.
22 26, 2013) (citing *Coury v. Robison*, 115 Nev. 84, 90 (1999)).  Eli Lilly argues that even if the
23 Rule 9(b) standard does not apply, Flowers "has not pled any factual material describing any
24 conduct that can support a claim for unjust enrichment." Doc. #18 at 6.
25 　　　　Flowers alleges that Eli Lilly was unjustly enriched because he paid $600 per month for
26 the drug since 1997, for a total of $132,600 during that time period.  Doc. #1 at 8.  Flowers
27 alleges further that after the health problems associated with Zyprexa became public, Eli Lilly
28 began "'pushing' the defective drug Zyprexa on the mentally ill." Doc. #20 at 4.  This led to Eli

1  Lilly's "unjust[] enrichment by attempting to recoup their multi billion investment in the
2  defective drug." *Id.* An essential element of an unjust enrichment claim is that it would be
3  "inequitable" for the defendant to "retain the benefit without payment of the value" to the
4  plaintiff. *Leasepartners Corp. v. Robert L. Brooks Trust Dated Nov. 12, 1975*, 113 Nev. 747,
5  755 (1997). Flowers was prescribed Zyprexa post-conviction to treat symptoms that contributed
6  to his incarceration.[4] Flowers does not allege that Eli Lilly knew of the potential health hazards
7  of Zyprexa at the time that he began treatment, and he has failed to establish that it would be
8  inequitable for Eli Lilly to retain Flowers' payment for helping to treat his schizophrenia.[5]
9  Accordingly, the Court grants Eli Lilly's Motion as to Flowers' unjust enrichment claim.

10      **B.    Motion to Strike**

11      Eli Lilly also moves the Court to strike Flowers' Motion to Introduce Evidence and
12  Motion for Opposition to Defendant's Partial Dismissal. Doc. #36. "The court may strike from
13  a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous
14  matter." Fed. R. Civ. P. 12(f). The purpose of Rule 12(f) "is to avoid the expenditure of time
15  and money that must arise from litigating spurious issues by dispensing with those issues prior to
16  trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy,*
17  *Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)). Flowers has not submitted an opposition
18  to this Motion,[6] but the Court considers the relevant pleadings in turn.

19      **1.    Motion to Introduce Evidence**

20      Eli Lilly argues in response to Flowers' Motion to Introduce Evidence that "it is
21  impossible to discern what he seeks to do." Doc. #36 at 2. Additionally, Eli Lilly argues that
22  "[t]o the extent that Plaintiff is seeking to present material that supports his claims, he will be

---

[4] Flowers is serving a life sentence for first degree murder. Doc. #18 at 2 n.1.

[5] Flowers could of course recover damages from Eli Lilly if he succeeds on the merits of his claims.

[6] The Local Rules for the U.S. District Court for the District of Nevada state that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d).

1 able to do so in accordance with the Federal Rules of Evidence and of Civil Procedure." *Id.*; *see*
2 *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) ("Pro se litigants must
3 follow the same rules of procedure that govern other litigants") (internal quotation omitted). The
4 timing of this Motion indicates that Flowers is attempting to submit additional evidence to
5 support his Opposition to Eli Lilly's Motion for Partial Dismissal. Additionally, Eli Lilly is
6 correct that Flowers will have an opportunity to submit this evidence to the Court pursuant to the
7 Federal Rules of Evidence and the Federal Rules of Civil Procedure because this Order does not
8 dismiss all of Flowers' claims.[7] Accordingly, the Court grants Eli Lilly's Motion to Strike as to
9 the Motion to Introduce Evidence.

### 2. Motion for Opposition to Defendant's Partial Dismissal

11 Eli Lilly argues first that the Federal Rules of Civil Procedure do not provide for this type
12 of motion. Doc. #36 at 2. Second, Eli Lilly argues that even if the Motion is intended as an
13 amendment to Flowers' Opposition under Federal Rule of Civil Procedure 15, this is also not
14 permitted. *Id.*; *see Cooley v. Marshal*, No. 2:09-cv-0559, 2011 WL 3240453, at *4 (D. Nev. July
15 28, 2011) (striking a *pro se* plaintiff's motion to amend his opposition filed after the defendant
16 filed a reply). Flowers' Motion alleges information that should have been included in his
17 original Opposition to Eli Lilly's Motion to Dismiss, raising the potential that this Motion is an
18 improper attempt to respond to Eli Lilly's Reply. *See Cooley*, 2011 WL 3240453 at *4 ("This
19 Court will not condone [plaintiff's] attempt to improperly use Rule 15 to rebut [defendants']
20 reply."). Accordingly, the Court grants Eli Lilly's Motion to Strike Flowers' Motion for
21 Opposition to Defendant's Partial Dismissal.

22 **IV.   Conclusion**

23 IT IS THEREFORE ORDERED that Defendant's Motion for Partial Dismissal (Doc.
24 #18) is GRANTED. The Court grants leave for Plaintiff to amend his Complaint within twenty
25 (20) days of this Order.
26 ///
27
28

---

[7] Eli Lilly did not move to dismiss Flowers' negligent failure to warn claim.

9

IT IS FURTHER ORDERED that Defendant's Motion to Strike (Doc. #36) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Introduce Evidence (Doc. #32) and Motion for Opposition to Defendant's Partial Dismissal (Doc. #33) are DENIED as moot.

IT IS SO ORDERED.

DATED this 7th day of November, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE