1
2
3
4
5
6
7
8
9
10
11
12
13
14

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

* * *

JOHN FLOWERS,

    Plaintiff,

    v.

ELI LILLY AND COMPANY,

    Defendant.

3:14-CV-00094-LRH-VPC

ORDER

15   Before the court is Defendant Eli Lilly and Company's ("Eli Lilly") Motion for Summary

16   Judgment. ECF No. 82.[1]  Plaintiff John Flowers ("Flowers") filed an Opposition (ECF No. 87),

17   to which Eli Lilly replied (ECF No. 93).  Also before the Court is Flowers' Motion to Amend

18   Complaint (ECF No. 96) and Motion to Reassign Jurisdiction (ECF No. 97), to which Eli Lilly

19   responded (ECF Nos. 98 and 101).

20   **I. Facts and Procedural History**

21   This is a pharmaceutical product liability suit in which pro se plaintiff Flowers alleges

22   that the antipsychotic medicine Zyprexa caused his diabetes.  Flowers' legal claim is one for

23   negligence sounding in failure to warn.  Zyprexa is an antipsychotic drug manufactured by Eli

24   Lilly that has been approved by the Food and Drug Administration ("FDA") for treatment of

25   schizophrenia and bipolar disorder.  Medical records from the Nevada Department of

26   Corrections ("NDOC"), where Flowers was incarcerated from 1997 to 2015, document two

27   periods of Zyprexa treatment, from 2002 to 2003 and 2009 to 2015.  Flowers was diagnosed with

28

---

[1] Refers to the Court's docket number.

diabetes in 2012.  In July 2015, this Court granted Eli Lilly's motion for summary judgment in part and dismissed the portion of Flowers' suit based on his Zyprexa use from 2009 to 2015. ECF No. 61.  Following the Court's ruling, Flowers advised that Dr. Jakob Camp, the psychiatrist who first prescribed Zyprexa to him in 2002, and Dr. Karen Gedney, an NDOC internal medical doctor, would be supplying the expert testimony necessary to support his burden of establishing medical causation.  The Court granted Eli Lilly leave to conduct the depositions of these doctors and, if appropriate, to file a second dispositive motion.  ECF No. 69.  Eli Lilly conducted the deposition of Dr. Camp on December 14, 2015, and the deposition of Dr. Gedney on December 16, 2015.  On January 29, 2016, Eli Lilly filed the present Motion for Summary Judgment.  ECF No. 82.  On February 22, 2016, Flowers filed an Opposition.  ECF No. 84.  On March 9, 2016, Eli Lilly filed a Reply.  ECF No. 93.  On March 21, 2016, Flowers filed a Motion to Amend Complaint to Add Defendants.  ECF No. 96.  On April 4, 2016, Flowers filed a Motion to Reassign Jurisdiction.  ECF No. 97.  On April 7, 2016, Eli Lilly filed a Response to Flowers' Motion to Amend.  ECF No. 98.  On April 21, 2016, Eli Lilly filed a Response to the Motion to Change Venue.  ECF No. 101.

**II. Legal Standard**

    **A.  Motion to Amend**

      Before trial, and after previously amending its pleading once as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed.R.Civ.P. 15(a)(2).  "The court should freely give leave when justice so requires." *Id*.  Circumstances under which leave may be denied include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

    **B.  Motion to Change Venue**

      "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U .S.C. § 1404(a).  The court may consider: (1) the location where the relevant agreements

1  were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the

2  plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts

3  relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of

4  litigation in the two forums, (7) the availability of compulsory process to compel attendance of

5  unwilling non-party witnesses, and (8) the ease of access to sources of proof.  *Jones v. GNC*

6  *Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).

7         **C.  Summary Judgment**

8         Summary judgment is appropriate only when the pleadings, depositions, answers to

9  interrogatories, affidavits or declarations, stipulations, admissions, and other materials in the

10  record show that "there is no genuine issue as to any material fact and the movant is entitled to

11  judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In assessing a motion for summary

12  judgment, the evidence, together with all inferences that can reasonably be drawn therefrom,

13  must be read in the light most favorable to the party opposing the motion.  *Matsushita Elec.*

14  *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Cnty. of Tuolumne v. Sonora Cmty.*

15  *Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).  A motion for summary judgment can be complete

16  or partial, and must identify "each claim or defense—or the part of each claim or defense—on

17  which summary judgment is sought."  Fed. R. Civ. P. 56(a).

18        The party moving for summary judgment bears the initial burden of informing the court

19  of the basis for its motion, along with evidence showing the absence of any genuine issue of

20  material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  On those issues for which it

21  bears the burden of proof, the moving party must make a showing that no "reasonable jury could

22  return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

23  (1986).  On an issue as to which the nonmoving party has the burden of proof, however, the

24  moving party can prevail merely by demonstrating that there is an absence of evidence to support

25  an essential element of the non-moving party's case.  *Celotex*, 477 U.S. at 323.

26        To successfully rebut a motion for summary judgment, the nonmoving party must point

27  to facts supported by the record that demonstrate a genuine issue of material fact.  *Reese v.*

28  *Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 738 (9th Cir. 2000).  A "material fact" is a fact "that

might affect the outcome of the suit under the governing law." *Liberty Lobby*, 477 U.S. at 248. Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the party's position is insufficient to establish a genuine dispute; there must be evidence on which a jury could reasonably find for the party. *See id*. at 252. "[S]peculative and conclusory arguments do not constitute the significantly probative evidence required to create a genuine issue of material fact." *Nolan v. Cleland*, 686 F.2d 806, 812 (9th Cir. 1982).

**III. Discussion**

### A.  Motion to Amend

Flowers requests that the court add two additional drug manufacturers to the complaint. As Eli Lilly points out in its response, Flowers had not identified the drug manufacturers he would like to add to the complaint. Given the lack of identification, Flowers' motion is denied.

### B.  Motion to Change Venue

Flowers also requests to have jurisdiction in this matter transferred to the U.S. District Court in Phoenix, Arizona.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Determining whether to transfer an action calls for an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 367 U.S. 612, 622 (1964)). When deciding whether or not to transfer an action, the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel

1   attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

2   *Jones*, 211 F.3d at 498–99.

3          These factors weigh against transferring this case to another district.  Specifically,

4   Flowers was prescribed Zyprexa while residing in Nevada by healthcare professionals employed

5   by the Nevada Department of Corrections.  The only connection Arizona has to this case is that

6   Flowers is currently incarcerated there.  Additionally, this matter is subject to Nevada law, and

7   this Court is more familiar with Nevada law than the court in Arizona would be.  Finally, almost

8   all of the healthcare professionals who treated Flowers with Zyprexa continue to reside in

9   Nevada, which would place them outside the reach of the subpoena power of the Arizona court.

10  For these reasons, the motion to change venue is denied.

11         **C. Proximate Cause**

12         Flowers product liability claim against Eli Lilly fails on two grounds.  First, Flowers has

13  not provided expert medical testimony that shows that his use of Zyprexa prior to 2004 was the

14  proximate cause of his diabetes.  In a products liability action, a plaintiff must provide medical

15  expert testimony to establish that the product proximately caused the plaintiff's injury.  *Hulihan*

16  *v. Reg'l Transp. Comm'n of S. Nevada*, 833 F. Supp. 2d 1226, 1233 (D. Nev. 2011) aff'd, 582 F.

17  App'x 727 (9th Cir. 2014) and aff'd, 582 F. App'x 727 (9th Cir. 2014).  Here, Dr. Camp and Dr.

18  Gedney, the two physicians Flowers identified as the sponsors of his causation case, testified

19  they held no opinion as to the cause of his diabetes.  Specifically, while Dr. Camp identified

20  Zyprexa as one of many risk factors for the development of diabetes, he also stated that he was

21  not an expert in determining the cause of debates in individual patients, does not have an opinion

22  to a reasonable degree of medical certainty as to the cause of Flowers' diabetes, does not intend

23  to offer any expert testimony concerning the role that Zyprexa prescribed in 2002 had in the

24  development of Flowers' diabetes, and that he thought "there are too many antipsychotic

25  medications that John Flowers has been exposed to that carry the risk of inducing diabetes to

26  specify one agent."  Additionally, Dr. Gedney disclaimed any expertise with respect to Zyprexa

27  in her deposition and stated that she had arrived at no conclusions as to the cause of Flowers'

28

diabetes.  Thus, neither medical expert put forth by Flowers can provide the required proximate cause testimony, and Flowers' claim fails.

Additionally, Flowers cannot establish the proximate cause element of his failure to warn claim.  "In Nevada, when bringing a strict product liability failure-to-warn case, the plaintiff carries the burden of proving, in part, that the inadequate warning caused his injuries." *Rivera v. Philip Morris, Inc*., 125 Nev. 185, 190, 209 P.3d 271, 274 (2009).  The burden of proving causation can be satisfied in failure-to-warn cases by demonstrating that a different warning would have altered the way the plaintiff used the product or would have "prompted plaintiff to take precautions to avoid the injury." *Id.* at 191.  As this Court previously established, the question becomes whether the treating psychiatrists would have altered their decision to prescribe Zyprexa had a different warning been provided.  *Flowers v. Eli Lilly & Co*., No. 782652, 0201 WL 284881, at *4 (D. Nev. July 10, 2015).  Here, there is no evidence that Dr. Camp would have prescribed Flowers a different medication in 2002 if Eli Lilly had provided different warnings.  In his deposition testimony, Dr. Camp states that Eli Lilly had mentioned the metabolic risks from the beginning, in 1996, and by the end of the 1990s, the risk was "prominently emphasized."  He further stated that at the time he prescribed Zyprexa to Flowers, in 2002, he felt he had adequate information about the potential for weight gain and glucose dysregulation.  Finally, when asked if a different warning from Eli Lilly would have caused him to prescribe a different medication to Flowers, Dr. Camp answered "probably not."  Flowers has an affirmative burden of providing evidence to show that a different warning would have altered his doctor's prescription decisions, and he has not done so here. Thus, his claim fails on this ground as well.

### D.  Appointment of a Guardian ad Litem or Counsel

In his response to Eli Lilly's motion for summary judgment, Flowers also requests the appointment of a guardian ad litem or of counsel.  Neither is appropriate here.

Rule 17(c) (2) of the Federal Rule of Civil Procedure requires the Court to take measures to protect an incompetent person during litigation.  Whether to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court and may be reviewed only for abuse of

that discretion." *United States v. 30 .64 Acres of Land*, 795 F.2d 796, 805 (9th Cir.1986). However, because Flowers has failed to state a claim and cannot do so, the Court finds that appointment of a guardian ad litem in this action is not necessary. *See Ingram v. City of San Francisco*, 2012 WL 3257805 (N.D.Cal. 2012) (declining to appoint a guardian ad litem where plaintiff failed to raise meritorious claims); *Perri v. Obama*, 2011 WL 685826, *3 (E.D.N.Y. 2011) (appointment of a guardian ad litem would be futile where it appears that no guardian could save plaintiff's claims from dismissal); *M.F. ex rel. Branson v. Malott*, 2012 WL 1950274, *7 (S.D.Ohio 2012) (appointment of a guardian ad litem would serve no useful purpose because it appears that no guardian ad litem could save the complaint from dismissal); *see also Mandeville v. Wertheimer*, 2002 WL 432689 (S.D.N.Y. 2002) ("When considering the appointment of a guardian ad litem, the Court, while seeking to protect a litigant's interests, must also be mindful of its obligation to avoid any potential waste of judicial resources through the unnecessary appointment of a guardian ad litem.").

Flowers also requests the appointment of counsel to prosecute his case. There is no right to appointed counsel in a civil case, but a court may under "exceptional circumstances" appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The Court must consider the likelihood of success on the merits and the ability of the petitioner to articulate his claims in light of the complexity of the legal issues involved. *Id.* In this case, Flowers has sufficiently communicated the nature of his claims to the Court, and there is a low chance of success on the merits. The Court denies the motion for appointment of counsel.

**IV. Conclusion**

IT IS THEREFORE ORDERED that Plaintiff Flowers' Motion to Amend Complaint (ECF No. 96) is DENIED.

IT IS FURTHER ORDERED that Plaintiff Flowers' Motion to Reassign Jurisdiction (ECF No. 97) is DENIED.

///

///

7

1    IT IS FURTHER ORDERED that Defendant Eli Lilly's Motion for Summary Judgment

2  (Doc. #82) is GRANTED.  The Clerk of Court shall enter judgment in favor of Eli Lilly, and

3  against Plaintiff Flowers.

4    IT IS SO ORDERED.

5    DATED this 30th day of July, 2016.

6                                      _____
                                       LARRY R. HICKS
7                                      UNITED STATES DISTRICT JUDGE